SIMON M. DODGE *vs.* BOSTON AND ALBANY RAILROAD
COMPANY.

Suffolk.   November 11, 12, 1891. — January 14, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Railroad — Negligence — Brakeman — Fellow Servant.*

Gravel cars, employed in hauling out stones from a pit, were loaded by means of a
swinging box and derrick, resulting in the occasional breakage of a brake-head.
Upon the cars being assorted, those containing small stones were kicked on to a
side track.   One Monday morning a car stood alone on this track, its brake
without a brake-head and not set, and the wheels not chocked.   Other cars came
along the track, and as a brakeman tried to couple them, pushed the stationary
car along three or four feet,'and in walking along between the cars he was hurt.
Usually such a car with a defective brake was kept with the engine or coupled
with other cars, or if left by itself the wheels were chocked; and if a car be-
came obviously dangerous, it was the duty of the workmen to set it one side.
A car repairer, who had been coming to the place twice a week, was last there
on the Friday before.   In an action at common law by the brakeman to recover
for his injuries, he testified that he saw a car in the pit without a brake-head
on Friday or Saturday, but whether it was this car did not appear.   *Held*, that
the negligence, if any, was that either of the plaintiff or of fellow servants,
and that the action could not be maintained.

TORT, for personal injuries occasioned to the plaintiff, a
brakeman, while in the defendant's employ.   Trial in the
Superior Court, before *Lathrop*, J., who ruled that there was no
evidence for the jury, and ordered a verdict for the defendant;
and the plaintiff alleged exceptions.   The facts, so far as ma-
terial to the point decided, appear in the opinion.

*E. Greenhood*, for the plaintiff.

*S. Hoar*, for the defendant.

ALLEN, J.   Some gravel cars loaded with stone were coming
towards another car on a side track, also loaded with stone,
which was standing by itself, and, as they came together, the
plaintiff undertook to couple them, and the brake upon the
stationary car was not set, and the car moved along some three
or four feet, and the plaintiff in endeavoring to walk along
between the cars was hurt, and seeks to recover damages of
the defendant.   The brake-head on the stationary car had been
broken and was wanting, so that the brake could not be set

when the car was left by itself.  The plaintiff testified that he did not consider such a car dangerous to use when it is in the middle of a train, because it can be controlled by the brakes on the other cars.  The danger consisted in its being separated from the other cars and left alone, so that it might start if the other cars were moved up against it.  He testified further, that usually, if the brake cannot be set when making up a train, they manage to keep that car with the engine or coupled with other cars, or, if the car is to be left by itself, the men trig the wheel with a sleeper or something, so that it cannot move backward or forward.

These cars were employed in hauling out stones from a stone pit, some of the cars containing stones for building, and others stones to be used for filling, and all were taken indiscriminately from the stone pit out upon the main track, and there assorted; those containing the stones for building were kicked together so as to make a separate train, and those containing the other kind were similarly dealt with.

It was no uncommon thing for the cars to need repairs, and the plaintiff testified that he had known some brake-heads to be broken during the six weeks that he had worked there. The cars were never sent away for repairs, but were repaired there, or in that immediate vicinity, by a man employed for that purpose, who for two weeks prior to the accident to the plaintiff had been there twice a week, but before that every day.  This man was busy most of the time while there, but some of the time was not doing anything.  There was nothing to show that the exigencies of the work required him to be there oftener than twice a week.  If a car became obviously so out of repair as to be dangerous to use, during his absence, it was the duty of the workmen using it to set it aside until he came.

This being the known method adopted for the repair of the gravel cars, we have to consider wherein the supposed negligence of the defendant consisted.  No evidence was offered to show that this method was unreasonable in itself.  Some cars would naturally be broken in the process of loading, which was done by swinging a box of stones over the car by means of a derrick.  The occasional breaking of a brake-head, under these

circumstances, is to be classed as an accident of such ordinary occurrence that the defendant's duty in respect to it is only to provide suitable means, material, and men for making the repairs. In the present case, there was nothing to show any lack of suitable means and materials, and according to the plaintiff's testimony the man who attended to the repairs was there on the Friday before the injury, which happened on Monday morning. There was nothing to show definitively when this car lost its brake-head.

The plaintiff testified that, on the Friday or Saturday before, he noticed a car in the stone pit which had no brake-head; but he did not go so far as to say that he thought it was this car. His later testimony was that the time when he saw that car was on Saturday. If the car was not safe to use, he said it was the engineer's place, if any one's, to set it out; but he did not pretend that he called the engineer's attention to the defect, or that the engineer had any knowledge of it. The loss of the brake-head was obvious to those using the car, and if the car was unsafe it might have been set apart to be repaired, or it might have been kept coupled to another car or to the engine, or if left alone on the side-track the wheel might have been trigged or chocked with a sleeper or something, so that it could not move forward or backward. But obviously the omission to do either of these things was primarily the omission of a fellow servant, for whose negligence the defendant would not be responsible. The action is not brought under the employers' liability act, but is at common law, and the ordinary rules as to the negligence of fellow servants apply. The men were all working together, and all were fellow servants. The plaintiff, therefore, is forced to take the ground that a dangerous condition of things had lasted so long as to establish a liability on the part of the defendant, on the ground of a failure to take reasonable precautions to keep the machinery, appliances, tools, and means furnished for the work in proper order and condition. The evidence, however, fails to show any negligence in this respect on the part of the defendant. In the first place, it is a mere matter of conjecture when the brake-head was broken.

If it is to be assumed that the car was the same which the plaintiff had seen without a brake-head on the Saturday or

Friday before, and if it ought to have been set apart for repairs, his own omission to call the engineer's attention to it is the negligence which is chiefly apparent. But if, as the plaintiff testified, it would not be dangerous to use the car, provided it was kept coupled to another car, then it is plain that the act of separating it from other cars and leaving it by itself, without having the brake set or anything to trig the wheels, was primarily the act of a fellow servant. It is not clearly disclosed how long the car had been left by itself, but it is quite consistent with the plaintiff's testimony, and indeed it seems quite probable, that it had been there only a few minutes at the time when the plaintiff was hurt. There is, therefore, in any aspect of the case, nothing to show any negligence, unless it may be on the part of the plaintiff himself or of his fellow servants. *Holden* v. *Fitchburg Railroad*, 129 Mass. 268.

*Exceptions overruled.*